IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

McClure Telephone Company,   Case No. 3:08CV2800

    Plaintiff

v.   ORDER

AT&T Communications of Ohio, Inc., et al.,

    Defendant

This is a suit by McClure Telephone Company [McClure], an independent telephone company located in McClure, Ohio, against AT&T Communications of Ohio and Sprint Communications Co. Plaintiff claims that the defendants' Ohio customers have placed calls to plaintiff McClure, those calls terminated at McClure, and the defendants are obligated for, but refuse to pay access charges at the rate due for intrastate calls.

Defendants contend that the calls at issue do not terminate at McClure. Instead, after receiving a prompt, the caller enters an additional number, and the call is routed to and through a computer owned and maintained by a third party, Empire One Teleservices [Empire].

Empire transmits the call to its intended recipient *via* the internet. Defendants contend that, in many, if not most or even all instances, the called party is outside the United States. Defendants also contend that in most instances, both the caller and called party use "ordinary" telephones, rather

than "soft" phones, voice over internet protocol or some other non-traditional communications device or mode. That being so, the defendants contend, they are not liable for the charges otherwise due for intrastate calls. Their only liability is for a lower access charge for their customers' use of McClure's facilities to make intrastate or international calls.

McClure contends, in response, that, because the only conventionally circuit-switched connection ends when it receives a call from an Ohio caller, the call terminates, triggering the intrastate access charge. Because further transmission occurs over the internet through Empire's computer, the defendants, McClure claims, cannot contend that they are liable only for interstate access charges.

McClure also asserts that at least some callers, rather than wanting to connect with someone on another conventional telephone, may want to use other internet services provided by Empire, such as voicemail, conference calls or access to internet websites. The defendants state that such usage simply does not occur, and McClure is, with Empire's help, engaged in "traffic pumping," whereby it seeks to collect access charges to which it is not entitled.

McClure filed this suit in the Henry County, Ohio, Court of Common Pleas. The defendants removed it to this court. I have previously entered an order [Doc. 36] overruling McClure's motion to remand. [Doc. 11].

Pending is McClure's Motion to Dismiss Any Federal Claims or Claims Relating to Any FCC Tariff. [Doc. 37]. Asserting several grounds, the defendants oppose the motion, in which McClure seeks such dismissal without prejudice.

I need address only one of those grounds to overrule McClure's motion.

Defendants contend, *inter alia*, that McClure's motion is a unique, inappropriate and premature procedural device to cause me to make some crucial decisions as to whether the defendants' can lawfully refuse to pay interstate access charges.[1]

Defendants are correct: To grant McClure's motion I would have to do a lot more than simply permit it to withdraw one among its many claims. As I read the briefs and understand the arguments, before I could grant the motion, I would have to address and possibly resolve the basic question of whether intrastate or interstate access charges are due.

While someday I may well have to make that and other decisions applying the law to the facts, I cannot do so now. This is so in light of manifold factual disputes about, among several other things, Empire's role and status as a *bona fide* provider of multiple internet services to defendants' customers. McClure claims it is. The defendants contend that Empire is simply facilitating a scam to bilk and pick the defendants' pockets. Finding out which is so as to that disagreement and other material and disputed facts is a precondition to knowing what the law requires.

McClure protests that the discovery needed to find out the facts will be expensive and possibly unavailing. Even if so, that is no reason – especially in a case in which millions of dollars are at stake – to make rulings of the significance of those McClure wants without a fully developed record.[2]

---

[1] Defendants also contend that McClure's motion is nothing more than a motion to reconsider my denial of plaintiff's remand motion. I do not find that that is so. If anything, rather than looking backwards at where I have already been, McClure's motion is more like a springboard for catapulting this case forward to a final decision.

[2] McClure's motion is at best unorthodox. It is not appropriate to allow the tail of a Fed. R. Civ. P. 41(a) motion to wag a beast, that from my present perspective at least, looks as large as this one. In addition, I have the sense that this case may have significance beyond the direct interests of the parties to this suit. If not so, that is fine. But if it does, that is all the more reason to have a fully developed record, and take a conventional procedural path before trying to figure

I decline to accept McClure's invitation to bypass ordinary procedures.

It is, therefore,

ORDERED THAT plaintiff McClure Telephone Company's Motion to Dismiss Any Federal Claims or Claims Relating to FCC Tariff [Doc. 37] be, and the same hereby is overruled.

A telephonic status/scheduling conference is set for September 28, 2009 at 11:00 a.m.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge

---

out what the law requires.